UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARIEL SUAREZ ROSQUEDA,

        Petitioner,

     v.                         Case No.:  2:26-cv-02015-SPC-NPM

D.H.S. *et al.*,

        Respondents,

                                    /

## **OPINION AND ORDER**

Before the Court are petitioner Ariel Suarez Rosqueda's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Suarez Rosqueda is a native of Cuba who was paroled into the United States on December 5, 2005.  On July 11, 2023, he was arrested on multiple charges, including grand theft and burglary.  An immigration judge ordered Suarez Rosqueda removed to Cuba on February 15, 2024.  Immigration and Customs Enforcement ("ICE") released him under an order of supervision on February 26, 2024.

On December 29, 2025, local law enforcement arrested Suarez Rosqueda for larceny.  On January 4, 2026, ICE took custody of Suarez Rosqueda, notified him it revoked his release to enforce the removal order and because he violated the terms of release, and conducted an informal interview.  Suarez Rosqueda argues his detention is unlawful because ICE cannot remove him in the

reasonably foreseeable future and failed to follow proper procedures when revoking his release.  Suarez Rosqueda made the same arguments in *Suarez Rosqueda v. Warden*, M.D. Fla. Case No. 2:26-cv-1745-SPC-KRH.  The Court denied Suarez Rosqueda's prior habeas petition, and his current petition fails for the same reason.

Even assuming there is no significant likelihood of removal in the reasonably foreseeable future, Suarez Rosqueda's current detention is lawful.  8 C.F.R. § 241.13(i)[1] allows ICE to revoke release when a noncitizen violates a condition of release.  *See also Zadvydas v. Davis*, 533 U.S. 678, 695 (2001) ("we nowhere deny the right of Congress to remove aliens, to subject them to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions").  Suarez Rosqueda does not dispute that his arrest for larceny violated the terms of his order of supervision.  ICE complied with § 241.13(i) by providing Suarez Rosqueda written notice of the reasons for revocation and an opportunity to address those reasons in an informal interview.  Suarez Rosqueda "may be continued in detention for an additional six months in order to effect [his] removal, if possible, and to effect the conditions under which [he] had been released."  8

---

[1] Some of ICE's paperwork suggests is revoked Suarez Rosqueda under a separate regulation, 8 C.F.R. § 241.4.  As the government explained in Suarez Rosqueda's prior habeas action, § 241.13 appears to be the applicable regulation here.  But the regulations establish similar revocation procedures, and even if § 241.4 applies, ICE complied with it by giving written notice of the reasons for revocation and an informal interview.

C.F.R. § 241.13(i)(1).    After that six-month period, Suarez Rosqueda may request review of his detention by the HQPDU.  *See* 8 C.F.R. § 241.13(j).

It appears ICE has thus far complied with the applicable regulation and afforded Suarez Rosqueda the process he is due.  His detention is lawful.

Accordingly, it is hereby

**ORDERED:**

Ariel Suarez Rosqueda's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

1. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

2. Because the government recently transferred Petitioner to a different facility and does not forward legal mail to detainees after transferring them, the government must certify it has served this Order on him within three days.

**DONE AND ORDERED** in Fort Myers, Florida on June 29, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record